IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ADAM SWALLOWS,<br>on behalf of himself and all others<br>similarly situated, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No.: _____ |
| City of Brentwood, Tennessee,<br>and Ricky Watson, Chief of Police for the<br>Brentwood Police Department, | )<br>)<br>)<br>) | **COLLECTIVE ACTION COMPLAINT<br>FOR VIOLATIONS OF THE FAIR<br>LABOR STANDARDS ACT OF 1938** |
| Defendants. | )<br>) | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Adam Swallows, by and through his attorneys, alleges for his Complaint as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against the City of Brentwood, Tennessee ("Brentwood") and Ricky Watson, the Chief of Police for the Brentwood Police Department, individually (the governmental entity and individual Defendants are hereinafter referred to collectively as "Defendants") for legal relief to redress unlawful violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201, et seq., and specifically the collective action provision of the Act found at § 216(b), to remedy violations of the wage provisions of the FLSA by Defendants which have deprived the named Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful wages. The suit is brought on behalf of the named Plaintiff and all others similarly situated, pursuant to § 216(b) of the

FLSA, and through a Tolling Agreement, the Parties have agreed that this action shall be deemed to have been commenced as of October 3, 2006. A true and accurate copy of the Tolling Agreement between the parties is attached hereto as **Exhibit A**.

2. Other current and former employees of Defendants are also entitled to receive their proper hourly unpaid wages and/or overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted by statute to maintain this action "for and on behalf of himself and other employees similarly situated." 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid hourly and overtime compensation owed to the Plaintiff and all current and former employees of Defendants who are similarly situated to the Plaintiff, pursuant to the FLSA.

4. During the three-year period prior to the filing of this Complaint, Defendants committed violations of the FLSA by failing to pay their non-exempt police officers, including Plaintiff, for at least thirty (30) minutes during each day of their regularly scheduled tour of duty. This uncompensated work was performed during mandatory "roll-call" and/or during the Plaintiffs' "lunch breaks". For all of this uncompensated work, Plaintiff and all other similarly-situated employees should have been paid at the overtime rate of one-and-one-half times their regular rates of pay as required by law.

5. Plaintiff and all similarly-situated employees seek unpaid compensation, an equal amount of liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. THE PARTIES

### A. THE PLAINTIFF

6. Plaintiff Adam Swallows currently resides in Thompson Station, Tennessee and is a citizen of the United States. Plaintiff was employed by Defendants from approximately August 18, 1998 until May 29, 2006.

7. During his employment with Defendants, Plaintiff was a non-exempt employee who was paid an hourly rate of pay as a patrol officer at the Brentwood Police Department, and was entitled to overtime pay for all hours worked in excess of 40 in a week under the FLSA.

8. At all times material to this action, the named Plaintiff and all similarly-situated members of this collective action were "employees" of Defendants as defined by §203(e)(1) and/or §203(e)(2)(C) of the FLSA, and worked for Defendants within the territory of the United States within the three-year period preceding October 3, 2006. These same individuals are further covered by § 207 (overtime provision) of the FLSA for the period during which they were employed by the Defendants.

### B. THE DEFENDANTS

9. Defendant City of Brentwood, Tennessee is a municipality located in the Middle District of Tennessee.

10. At all times material to this action, Defendant City of Brentwood exercised supervisory authority and day-to-day control over the named Plaintiff and over other present and former non-exempt employees who are similarly situated to the named Plaintiff. Upon information and belief, Defendant willfully failed pay Plaintiff and all other similarly-situated employees their proper rates of pay for all hours worked. Defendant City of Brentwood instituted, promulgated, enforced, approved and/or ratified the policy and/or practice of requiring

and/or permitting Plaintiff and similarly-situated non-exempt employees to work overtime hours for which they received no pay instead of overtime pay at the rate of one-and-one-half times their regular rates of pay as required by law.

11. During all or part of the period material to this action, Defendant Ricky Watson was the Chief of Police of the Brentwood Police Department. Chief Watson exercised supervisory authority and day-to-day control over the named Plaintiff and over other present and former non-exempt employees who are similarly situated to the named Plaintiff. Upon information and belief, Defendant Watson instituted, promulgated, enforced, approved and/or ratified the policy and/or practice of requiring and/or permitting Plaintiff and similarly-situated non-exempt employees to work overtime hours for which they received no pay instead of overtime pay at the rate of one-and-one-half times their regular rates of pay as required by law.

12. At all times material to this action, Defendants have been enterprises engaged in commerce as defined by § 203(s)(1)(C) of the FLSA.

13. Defendants were "employers" of the named Plaintiff, as defined by § 203(d) of the FLSA, as well as the employers of all other persons similarly situated to the named Plaintiff.

14. The overtime provisions set forth in § 207 of the FLSA govern the operations and activities of, and apply to, Defendants.

### III. JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); and 29 U.S.C. § 216(b) (FLSA).

16. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c).

## IV. VIOLATIONS OF THE FLSA

17. Defendants have intentionally and repeatedly engaged in a practice of improperly and unlawfully failing to pay their non-exempt employees including, but not limited to, the named Plaintiff and the collective group of similarly-situated hourly employees at the Brentwood Police Department in violation of the provisions of the FLSA and corresponding federal regulations.

18. Defendants have intentionally and repeatedly engaged in the practice of underreporting the hours worked by their hourly and/or non-exempt employees in violation of the provisions of the FLSA so as to deprive them of overtime pay due them.

19. Defendants also violated their duties as defined by the applicable federal regulations, by unlawfully accepting the benefits of their employees' work efforts and refusing to accord them proper and lawful compensation.

## V. SCOPE OF DEFENDANTS' LIABILITY

20. Plaintiffs bring this action on behalf of present and former employees who have been employed by the City of Brentwood as non-exempt police officers, who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a Court-Supervised Notice of the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. All current and former non-exempt hourly employees who worked as police officers for Defendants at any time during the three years preceding October 3, 2006, up through and including the date of this Court's issuance of Court-Supervised Notice, have been subjected to the violations of the FLSA as noted above.

21. During all times material to this action, Defendants exercised operational control

303024                                    5

over the activities and operations of the Brentwood Police Department, including control over all hourly and/or non-exempt employees who worked in or out of the Brentwood Police Department.

22. In particular, Defendants directed and controlled the work of the named Plaintiff and all similarly-situated employees, and oversaw and controlled the payroll, compensation and wages of the named Plaintiff and all similarly-situated employees who worked for Defendants.

23. Defendant Watson acted "directly or indirectly in the interest of an employer in relation to" the named Plaintiff and similarly-situated employees within the meaning of § 203(d) of the FLSA, and is thus individually and personally liable for the unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees, and all other relief sought herein.

## VI. COUNT ONE

24. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-23 herein. By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

25. Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by preventing or endeavoring to prevent the proper compensation of Plaintiff and other present and former, similarly-situated employees in accordance with § 207 of the FLSA.

26. Defendants mandated that Plaintiff and other similarly-situated persons arrive at "roll-call", a session that would begin at least thirty (30) minutes prior to the start of each shift.

27. Such "roll-call" was required by Defendants' own written policy.

28. "Roll-call" would consist of such work-related duties as uniform inspections, zone assignments, discussions about specific places, "persons of interest" and training sessions.

303024                                                      6

29. Plaintiff and other present and former similarly-situated employees would be subject to disciplinary measures if late to "roll-call."

30. If Plaintiff and other present and former similarly-situated employees did not begin their patrol immediately after roll-call, which often did not last a full thirty (30) minutes, they would be subject to disciplinary measures.

31. Defendants refused to pay Plaintiff, or other present and former similarly-situated employees, for this thirty (30) minute "roll-call" period.

32. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all others similarly situated, have suffered damages by failing to receive their lawful overtime wages in accordance with § 207 of the FLSA.

33. Upon information and belief, Defendants and/or their representatives were informed about the issue of failing to pay overtime for "roll-call" yet refused to change their policy and/or procedures.

34. Upon information and belief, Defendants have made no good faith effort to comply with the FLSA with respect to their compensation of Plaintiff or other similarly-situated employees.

35. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

36. Contemporaneously with the filing of this Complaint, Plaintiff has filed his Consent to Become Party Plaintiff, which is attached hereto as **Exhibit B**.

## VII. COUNT TWO

37. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-36 herein. By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

38. Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by preventing or endeavoring to prevent the proper compensation of Plaintiff and other present and former, similarly-situated employees in accordance with § 207 of the FLSA.

39. Prior to September 1, 2006, Defendants mandated that Plaintiff and other present and former similarly-situated employees be "on call" during their so-called "lunch break."

40. Prior to September 1, 2006, Defendants required that Plaintiff and other present and former similarly-situated employees respond to calls from dispatch during their "lunch break."

41. Prior to September 1, 2006, nearly everyday that he worked, Plaintiff would respond to numerous work-related activities during his so-called "lunch break." Such work activities included responding to dispatch calls, responding to questions and/or comments from the general public, and the like.

42. Prior to September 1, 2006, Plaintiff and other present and former similarly-situated employees would be subject to disciplinary measures if they did not respond to dispatch calls while on their "lunch break."

43. Upon information and belief, after receiving complaints regarding its illegal pay practices, on September 1, 2006, the Brentwood Police Department issued Special Order #03-06.

44. Special Order #03-06 stated, in part, "Effective immediately, all patrol personnel

303024                                    8

*assigned to shift work* will be allowed thirty (30) minutes of time during their respective shift whereas their available status will be deemed as **"OUT OF SERVICE"** during that time. Officers may choose to use this as their meal break and will not be subject to call during that time." Prior to the implementation of this Special Order, Plaintiff, and those similarly situated to Plaintiff, were deemed "in service" throughout their lunch periods.

45. Special Order #03-06 stated, in part: "In the event, an Officer is not allowed to check "Out of Service" during their shift, that Officer *will* receive compensation in the form of overtime or comp time for the extra time worked."

46. Prior to September 1, 2006, Defendants did not pay Plaintiff, or other present and former similarly-situated employees, for this thirty (30) minute so-called "lunch period," even though Plaintiff, and all persons similarly situated to Plaintiff, almost never (if ever) were able to take uninterrupted thirty (30) minute lunch break from work.

47. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all others similarly situated, have suffered damages by failing to receive their lawful overtime wages in accordance with § 207 of the FLSA.

48. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

### VIII. PRAYER FOR RELIEF

49. WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly-situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That, at the earliest possible time, he be allowed to give notice, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding October 3, 2006, up through and including the date of this Court's issuance of court-supervised notice, been employed in an hourly position and/or non-exempt police officer position at the City of Brentwood Police Department. Such notice should inform them that this action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they have not been properly paid one-and-one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours in a workweek, pursuant to 29 U.S.C. § 216(b);

B. That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest;

C. Reasonable attorneys' fees;

D. The costs and expenses of this action; and

E. Such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

STEWART, ESTES, & DONNELL, PLC

By: /s/ Robert C. Bigelow
M. Reid Estes, Jr., #9043
Robert C. Bigelow, #22022
424 Church Street, Suite 1401
Nashville, Tennessee 37219
(615) 244-6538

Attorneys for Plaintiffs

303024

10