# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ADAM SWALLOWS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:07-0369 |
| ) | Judge Echols |
| CITY OF BRENTWOOD, ) | |
| TENNESSEE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Expedited Court-Supervised Notice to Prospective Class Members and for an Order Requiring Defendants to Expeditiously Disclose the Identities of Similarly-Situated Employees (Docket Entry No. 14). Defendants have responded in opposition to that Motion (Docket Entry No. 16), and Plaintiffs have replied (Docket Entry No. 20).

## I. FACTUAL BACKGROUND

This is an action for overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., brought by Adam Swallows ("Swallows") on behalf of non-exempt, hourly employees who worked as patrol officers for the Brentwood, Tennessee police department during the three-year period preceding October 3, 2006. The alleged violations of the FLSA are two-fold.

First, Plaintiffs claim that Defendants mandated patrol officers to arrive thirty minutes prior to their scheduled shift start for "roll-call." Work related duties were performed during "roll-call," including uniform inspections, zone assignments, training, and discussion about specific places and persons of interest. If "roll-call" lasted less than thirty minutes, patrol officers were expected to

1

immediately begin their patrol duties. This thirty minute period was unpaid and officers who failed to attend were subject to disciplinary measures. (Complaint ¶¶ 24-31).

Second, Plaintiffs claim that prior to September 1, 2006, Defendants required patrol officers to be "on call" during their "lunch break." Often, officers had to respond to dispatch calls or questions from the public during this period. Despite the fact that patrol officers rarely had an uninterrupted thirty minute lunch break, patrol officers were not paid for the thirty minutes scheduled as their "lunch break." (Complaint ¶¶ 49-42, 46). On September 1, 2006, the Brentwood Police Department issued a Special Order which stated that "[e]ffective immediately, all patrol personnel **assigned to shift work** will be allowed thirty (30) minutes of time during their respective shift" and they would "be deemed **"OUT OF SERVICE"** during that time. (Complaint ¶ 45).

As a result of these alleged violations of the FLSA, Swallows filed suit asking that he be allowed to give notice of the nature of the suit to all individuals who were employed as hourly, non-exempt patrol officers for the City of Brentwood at any time during the three years preceding October 3, 2006 up until the issuance of notice. He requests that he and any individual opting into the suit be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest. Swallows also seeks attorney's fees and costs and expenses.

## II. ANALYSIS

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). Unlike typical class actions under Rule 23 of the Federal Rules of Civil Procedure, a collective action under the FLSA requires individuals to opt-in to the action instead of

opting out. Douglas v. GE Energy Reuter Stokes, 2007 WL 1341779 at *2 (N.D. Ohio 2007). That is, in a collective action under the FLSA, "'no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively opted into the class; that is give his written, filed consent.'" Id.

"Plaintiffs who seek to certify a collective action under the FLSA 'bear the burden to establish that they and the class they wish to represent are similarly situated.'" Crawford v. Lexington-Fayette Urban County Gov't., 2007 WL 293865 at *4 (E.D. Ky. 2007)(citation omitted). To apprise other potential class members, representative plaintiffs typically seek to have court-supervised notice issued. "[N]otice to prospective co-plaintiffs should be authorized if the named plaintiff 'demonstrates that she is similarly situated to the other employees she seeks to notify of the pendency of the action.'" Id. (citation omitted). This requires a "modest factual showing" which is generally "fairly lenient." Id. (collecting cases). "[I]n order to meet this standard, Plaintiffs must simply 'submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated plaintiffs exist.'" Olivo v. GMAC Mortgage Corp., 374 F.Supp.2d 545, 548 (E.D. Mich. 2004)(citation omitted).

In this case, Swallows seeks to represent a class of patrol officers who were employed in hourly/non-exempt positions with the City of Brentwood during the three-year period preceding October 3, 2006 up until the issuance of notice. While recognizing that the burden at this stage is "not heavy" and "not very stringent," Defendants object to the issuance of notice claiming that, beyond the allegations of the Complaint, there is nothing to support Swallows' claim there are in fact similarly situated employees who were not compensated for overtime worked.

Leaving aside that the mere allegations in a complaint have been deemed sufficient by some courts for the issuance of notice in a collective action, see Belcher v. Shoney's Inc., 927 F.Supp. 249,

3

151 (M.D. Tenn. 1996), there is more than the allegations of the present Complaint to support Swallows' contention that there exists similarly situated individuals. After Defendants filed their response, Swallows submitted three declarations in which each declarant indicates that he was a patrol officer during the three year period before October 6, 2006 and that during his employment he was required to attend unpaid pre-shift roll calls and was often required to perform job duties while supposedly on a lunch break. (Docket Entry Nos. 21, 22, 23). Moreover, in their Answer to the Complaint, Defendants admit that attendance at "roll call" was mandatory and that patrol officers who failed to attend where subject to discipline. While Defendants in their Answer generally deny that patrol officers were not paid for the time spent in "roll call," in their response to Plaintiff's Motion for Court Supervised Notice, they claim that "[i]f officers were not compensated for roll-call in violation of the F.L.S.A., such violations were isolated and sporadic[.]" (Docket Entry No. 16 at 2). Clearly the Complaint, coupled with the declarations and Defendants' statements provide a "modest showing" that at least some patrol officers may not have been paid for their time in "roll call." See, Sniffen v. Spectrum Indus. Servs., 2007 WL 1231772 at * 2 (S.D. Ohio 2007)(even under the "more restrictive standard," the "affidavits of the two named plaintiffs display that potential class members are similarly situated"). Plaintiff is entitled to look into the matter further, and to do so he needs to provide notice to other officers of his claim.

  As for the issue of compensation for lunch breaks, Defendants claim that, as a general proposition, employers need not compensate their employees for meal times and cite for that proposition 29 C.F.R. § 785.19. However, that same regulation provides that in order for a "bona fide meal period" not to count as "worktime," "[t]he employee must be completely relieved from duty for the purposes of eating regular meals." 29 C.F.R. § 785.19(a). The Complaint and declarations filed by the Plaintiff all suggest that it was routine for Brentwood patrol officers to respond to calls and

4

questions from the public during their lunch break. In fact, according to the Declarations, the officers were disciplined and threatened with termination if they did not do so. Also, on September 1, 2006, a Special Order was issued which provided that patrol officers were entitled to a thirty minute lunch period each shift during which they were to be deemed "out of service." One inference to be derived from the implementation of this policy is that prior to September 1, 2006, officers were not "out of service" even during their meal breaks and as such were subject to being dispatched to calls.

In light of the foregoing, the Court finds that Plaintiff has established a "modest showing" that there exist similarly situated individuals who were not paid overtime in regard to time spent at roll call and for time they worked during meal breaks. The Court therefore finds that Court Supervised Notice should be issued.

Counsel for the parties are expected to formulate an agreed-notice which is neutral in tone and sets forth the basics of Swallows' claim, the Defendants' defenses and a deadline for potential Plaintiffs to opt-in to the lawsuit. In order to make the notification as effective as possible, Defendants will be required to identify all hourly-paid non-exempt present and former employees of the City of Brentwood Police Department who worked as patrol officers for the three-year period preceding October 3, 2006 up to the present.

## III. CONCLUSION

Accordingly, Plaintiff's Motion for Expedited Court-Supervised Notice to Prospective Class Members and for an Order Requiring Defendants to Expeditiously Disclose the Identities of Similarly-Situated Employees (Docket Entry No. 14) will be granted and Defendants will be required to identify specified individuals who worked as hourly non-exempt patrol officers for the City of Brentwood Police Department.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE